UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

Civil Division

**FILED**

APR 1 4 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Gregory Ashley Moyer,
Plaintiff

-vs-

James V. Murray, Attorney at
Law; Honorable Tracy McDaniel,
Judge of the Oklahoma 23rd District,
Pottawatomie County; Katherine E.
Thomas, Judge of the Oklahoma 9th
District, Payne County; Melissa
Griner DeLacerda, Attorney at Law;
Sheriff Joe Harper in his official
capacity as Sheriff of Payne
County; Laura Thomas in her official
capacity as District Attorney for
District 9; Virginia Banks, Attorney
at Law; Lisa Thompson,Bailiff;
Retired Judge Phillip C. Corley; and
Ky Corley.
Defendants.

Case No. CIV-25-429-SLP

DEMAND TRIAL BY JURY- Yes

## COMPLAINT FOR A CIVIL CASE

### I.  PARTIES TO THIS COMPLAINT

#### A. The Plaintiff(s)

| | |
|---|---|
| Name | Gregory Ashley Moyer |
| Street Address | 16442 Hightop Way NW. |
| City and County | Cass Lake, Cass County |
| State and Zip Code | Minnesota, 56633 |
| Telephone Number | 218-839-8801 |

1

E-mail Address              gregorymoyer1@gmail.com

## B. The Defendant(s)

Defendant No. 1

Name                        James V. Murray

Street Address              311 S. Duck Street

City and County             Stillwater, Payne County

State and Zip Code          Oklahoma, 74074

Telephone Number            405-338-7899

E-mail Address              jvm@jvmlaw.com


Defendant No. 2

Name                        Honorable Tracy McDaniel, Judge of the Oklahoma 23rd District, Pottawatomie County

Street Address              325 N. Broadway Ave.

City and County             Shawnee, Pottawatomie County

State and Zip Code          Oklahoma, 74801

Telephone Number            405-273-3624

E-mail Address              tracy.mcdaniel@oscn.net


Defendant No. 3

Name                        Honorable Katherine E. Thomas, Judge of the Oklahoma 9th District, Payne County

Street Address              606 S. Husband Street

City and County             Stillwater, Payne County

State and Zip Code          Oklahoma, 74074

Telephone Number            405-372-4774

E-mail Address              Katherine.thomas@oscn.net


Defendant No. 4

Name                        Melissa Griner DeLacerda, Attorney at Law

Street Address              6020 Ashbury Street

2

City and County    Stillwater, Payne County
State and Zip Code   Oklahoma, 74074
Telephone Number   405-624-8383; 405-624-0955
E-mail Address

Defendant No. 5
Name       Sheriff Joe Harper in his official capacity as Sheriff of Payne County
Street Address     606 Husband Street
City and County    Stillwater, Payne County
State and Zip Code   Oklahoma, 74074
Telephone Number   405-372-4522
E-mail Address    joe.harper@pcsheriff.paynecountyok.gov

Defendant No. 6
Name       Laura Thomas in her official capacity as District Attorney for District 9
Street Address     606 Husband Street
City and County    Stillwater, Payne County
State and Zip Code   Oklahoma, 74074
Telephone Number   405-372-4883
E-mail Address    Laura.thomas@dac.state.ok.us

Defendant No. 7
Name       Virginia Banks
Street Address     116 West 7th Ave #232
City and County    Stillwater, Payne
State and Zip Code   Oklahoma, 74074
Telephone Number   405-547-3115
Email address     vbanksatty@gmail.com

3

Defendant No.8
Name                    Lisa Thompson; Bailiff
Street Address          606 Husband Street
City and County         Stillwater, Payne
State and Zip Code      Oklahoma, 74074
Telephone Number         405-372-4883

Defendant No. 9
Name                    Retired Judge Phillip C. Corley
Street Address          1620 Mansfield Drive
City and County         Stillwater, Payne
State and Zip Code      Oklahoma, 74074
Telephone Number

Defendant No. 10
Name                    Ky Corley
Street Address          205 W. 7th Ave.
City and County         Stillwater, Payne
State and Zip Code      Oklahoma, 74074
Telephone Number

## II.    BASIS FOR JURISDICTION

1. The basis for this case is a federal question giving the federal court jurisdiction. Jurisdiction is proper under 28 U.S.C. § 1331, as this action arises from violations of Plaintiff's federally protected rights pursuant to 42 U.S.C. § 1983. Plaintiff specifically alleges violations of the following constitutional and statutory protections:

    a. Fourteenth Amendment: Violations of substantive and procedural due process

rights, including the suspension of parental visitation without notice or proper hearing, unauthorized disclosure and misuse of protected medical information, and failure to afford adequate counsel representation.

b. First Amendment: Violations related to retaliation against Plaintiff's exercise of free speech, including filing complaints and pursuing judicial redress.

c. Second Amendment: Infringement on Plaintiff's right to bear arms, arising from improper judicial actions and retaliatory restrictions.

d. Fifth and Sixth Amendments: Violations relating to due process, right to fair notice, effective assistance of counsel, confrontation of evidence, and fair hearings in judicial proceedings.

e. Eighth Amendment: Violations related to cruel and unusual punishment, arising from conditions of Plaintiff's confinement, retaliatory treatment, and deliberate indifference to his medical conditions.

f. Americans with Disabilities Act (ADA): Failure to accommodate Plaintiff's medically documented neurological disabilities in judicial and custodial contexts.

g. Health Insurance Portability and Accountability Act (HIPAA): Unauthorized disclosure and misuse of Plaintiff's protected medical information for retaliatory purposes.

2. Venue is proper in the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b), because substantial events giving rise to these claims occurred primarily within Payne and Pottawatomie Counties, Oklahoma, specifically including cases FD-2015-458 and

5

PO-2020-71.

3. Plaintiff resides in Cass Lake, Minnesota, and continues to suffer direct and ongoing harm resulting from the conduct of Oklahoma-based defendants, establishing additional jurisdictional justification and the need for federal intervention.

4. The coordinated actions of judicial officers, state attorneys, and other public officials constitute a clear and deliberate deprivation of federally protected rights, warranting intervention and relief by this Court.

5. Plaintiff acknowledges a prior action filed in this Court under the caption Moyer v. Thomas, which was dismissed without prejudice and did not result in a ruling on the merits. The present Complaint is neither duplicative nor precluded. It arises from a materially expanded set of facts, names new defendants not included in the prior suit, and alleges additional statutory violations with newly discovered facts and continuing violations not addressed in the earlier filing and involves coordinated conduct by a broader group of state actors and private individuals acting under color of law. Plaintiff now brings this Complaint with a more complete evidentiary foundation, with relevant litigation hold notices issued and records preserved. No final adjudication was rendered in the prior case, and as such, res judicata and collateral estoppel do not bar the present claims.

## III.    **Statement of Claim**

6. This statement of claim asserts that officials of the State of Oklahoma, Payne and Pottawatomie Counties, non-governmental organizations, and private individuals acting

6

in concert under color of law engaged in a coordinated scheme to violate Plaintiff's constitutional and statutory rights—including rights to familial association, disability accommodations, and medical privacy—through systemic abuse of federally funded state court systems and intentional obstruction of justice. This action is filed under 42 U.S.C. § 1983 for violations of Plaintiff's civil rights protected under the 14th Amendment, Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968; 18 U.S.C. § 1519 (pertaining to the destruction or concealment or omission of public records), and specifically the rights to procedural and substantive due process and the fundamental right to familial association (*Troxel v. Granville*, 530 U.S. 57, 2000 (holding that there is a fundamental right under the Fourteenth Amendment for a parent to oversee the care, custody, and control of a child); *Santosky v. Kramer*, 455 U.S. 745, 1982 (holding a fundamental liberty interest of natural parents in the care custody, and management of their child is protected by the Fourteenth Amendment)). Additional violations include rights under the 2nd, 5th, 6th, and 8th Amendments, as well as violations of the Americans with Disabilities Act (ADA), Health Insurance Portability and Accountability Act (HIPAA), actionable civil conspiracy and obstruction of justice, and related State Codes and public agency policies. Each constitutional and statutory claim arises from actions taken under color of state or federal law, by named defendants, and each involves a specific deprivation of a federally protected right.

7. Due to Oklahoma House Bill 706 affecting jury trials and imposing rapid scheduling orders in appellate circumstances involving parental rights, immediate federal judicial

intervention is critically important to preserve Plaintiff's constitutional protections (Oklahoma House Bill 706; Oklahoma Constitution, Article 2, § 6). The Defendants' actions have caused irreparable harm by exploiting procedural timing, effectively ensuring that Plaintiff's children "aged out" of meaningful reunification opportunities in as little as one year. Such manipulation of court processes underscores the urgent necessity of federal oversight to restore fundamental fairness and constitutional protections.

8. The Final Divorce Decree between Plaintiff and Defendant Mary Stinnett was issued on January 19, 2017. On October 19, 2017, Plaintiff's parental visitation rights were unlawfully suspended during a contempt sentencing hearing for unpaid child support and alimony without due consideration of Plaintiff's significant medical issues, unemployment, and insufficient resources, violating due process standards outlined in *Turner v. Rogers*, 564 U.S. 431 (2011). All while receiving federal funding for the SERVICES provided by medical staff, courts, and a public defender. See Exhibit 1- Journal Entry Suspending Visitation.

9. During Plaintiff's incarceration in Payne County Jail, he endured inhumane isolation conditions and inadequate medical treatment, violating his rights under the 8th Amendment's protection against cruel and unusual punishment (*See Estelle v. Smith*, 451 U.S. 454, 1981; *Bell v. Wolfish*, 441 U.S. 520, 1979). The court then imposed a sentence on the contempt which included the suspension of Plaintiff's parental rights, visitation, as well as ordering proof of mental health treatment. There was no finding of harm to

8

the children, nor risk of harm, nor was there evidence presented that Plaintiff had any mental health issues affecting his ability to parent his children. Plaintiff had no opportunity to present evidence or even argument prior to the Court stripping him of his parental right to parent his children. Plaintiff then attempted to file with the court proof of counseling. The timely submission of mental health counseling documentation was ignored by Defendants Judge Thomas, Court Clerk Casey Duncan, and public defender Virginia Banks, constituting obstruction of justice and denial of due process. *See* Exhibit 2- email from Casey Duncan. The document provided, and denied still to this day, showed Moyer was damaged from the events of this case and the reckless actions of Defendants.

10. Plaintiff was denied meaningful notice and an opportunity to be heard regarding the suspension of visitation, violating procedural due process protections under the 14th Amendment. Parents and children possess a constitutionally protected liberty interest in companionship and society with each other. *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc). This liberty interest is rooted in the Fourteenth Amendment, which states in relevant part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. State interference with these liberty interests may give rise to a Fourteenth Amendment due process claim that is cognizable under 42 U.S.C. § 1983. *Kelson v. City of Springfield*, 767 F.2d 651, 654 (9th Cir. 1985), *overruled on other grounds by Daniels v.*

9

*Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). The court, since issuing the Order in violation of Plaintiff's rights, has failed to provide a clear pathway to regain parental rights, depriving Plaintiff of protected familial associations unjustly (*Troxel v. Granville*, 530 U.S. 57, 2000; *Stanley v. Illinois*, 405 U.S. 645, 1972) and has worked in conjunction with the other Defendants to continue to deprive him of his rights as well as obstruct justice, circumvent due process, further a false narrative of mental health issues all of which have led to further harm with this information being used by other public officials, such as Mayor of Stillwater Will Joyce and Garfield County Sheriff Cory Rink, as well as other individuals to further harm Plaintiff, including damaging his reputation and business. *See* Exhibit 3- Letter from DA Mike Fields.

11. Defendant Virginia Banks inadequately represented Plaintiff during critical proceedings, failing to inform Plaintiff of his medical privacy rights and intentionally neglecting advocacy for visitation reinstatement, constituting conspiracy and coercion actionable under federal civil rights statutes (42 U.S.C. § 1983; *Estelle v. Smith*, 451 U.S. 454, 1981). Defendant Banks failed to intervene in the proceedings to ensure Plaintiff's rights were protected, she communicated with other Defendants regarding Plaintiff's parental rights to the detriment of Plaintiff, without his consent and without informing Plaintiff of the communications and has since refused to communicate with Plaintiff. Furthermore, Plaintiff made Defendant Banks aware of his medical issues and the conditions at the jail and she refused to address these concerns because she said it did not pertain to the alimony and child support contempt.

10

12. Defendant Judge Katherine Thomas engaged in unlawful judicial conduct by issuing orders without adequate justification and violating Plaintiff's procedural and substantive due process rights (*Stump v. Sparkman*, 435 U.S. 349, 1978; *Aetna Life Ins. Co. v. LaVoie*, 475 U.S. 813, 1986). Defendant K. Thomas continued to issue findings after she recused from the case, findings which further harmed Plaintiff. Defendant K. Thomas coordinated with Defendant Bailiff Lisa Bates Thompson to misinform Plaintiff and his counsel regarding hearing dates which further constitutes misconduct designed to obstruct justice (18 U.S.C. § 1519). Defendant K. Thomas also coordinated with opposing counsel and court personnel to prevent persons from attending Plaintiff's public hearings, allowed illegal closed door ex parte meetings with opposing counsel, court personnel, judges and others and then refused to acknowledge Plaintiff's filing unless he was represented by an attorney, further interfering with and obstructing justice.

13. Defendant Judge Phillip C. Corley managed inherent conflicts of interest, including familial ties to Plaintiff's former attorney, Defendant Ky Corley, and social affiliations documented by the Stillwater News Press article, "All in the Family." This conflict tainted judicial impartiality, violating Plaintiff's due process rights (*Aetna Life Ins. Co. v. LaVoie*, 475 U.S. 813, 1986). At one point, Plaintiff, a former college athlete, once climbing rigs offshore for a living, could not stand because of health reasons nor pay his attorney Ky Corley. Corley then turned over all files to his father, Judge Corley per order. Nobody informed Plaintiff.

11

14. Defendants Melissa Griner DeLacerda and James V. Murray, representing Mary Stinnett (f/k/a Mary Moyer), actively perpetuated false psychiatric narratives, exploited private medical information in violation of HIPAA, and engaged in deliberate misrepresentation in federal and state courts, constituting actionable defamation and fraud upon the court. Despite claiming in federal court (Moyer v. Thomas, 5:21-cv-00817, W.D. Okla.) that matters were solely related to child support, Defendants systematically pushed inconsistent and defamatory psychiatric claims in state court proceedings based off of Moyer's disabled son's, from previous marriage, mental health conditions. Further, Defendants obstructed Plaintiff's ability to access school records by lying to school administration and a school counselor as well as using personal connections to prevent Plaintiff's access and having the school threaten law enforcement action if Plaintiff exercised his right to access records and be involved in his children's education. Additionally, Defendant DeLacerda and her client, Mary Stinnett, lied to law enforcement and intentionally gave incorrect address information for service of court documents to purposely harass and further harm Plaintiff and his family members.

15. Defendant Laura Thomas, District Attorney for Payne County, and Sheriff Joe Harper exhibited deliberate indifference by failing to intervene upon clear evidence Plaintiff only received medications for epilepsy and a neuromuscular condition, violating ADA and HIPAA protections and perpetuating defamatory narratives (42 U.S.C. § 12101 et seq.; 42 U.S.C. § 1320d et seq.). Defendants participated in forwarding a false narrative regarding Plaintiff's mental health in Court and participated in the suspension of

12

Plaintiff's parental rights without due process and in violation of Plaintiff's civil rights.

16. Defendant Sheriff Joe Harper and Payne County Sheriff's Office demonstrated systematic obstruction, inadequate investigations, and violations of Plaintiff's Second Amendment and due process rights, warranting federal intervention under 42 U.S.C. § 1983. Furthermore, the conditions in which Plaintiff was held at the Payne County jail were cruel and Defendant Harper's staff failed to provide Plaintiff with necessary medication for his medical conditions. During Plaintiff's incarceration at the Payne County Jail he suffered multiple seizures in which deputies and employees (medical contractors now deemed employees of the State) have now refused to turn over documentation of these incidents. Defendant Harper also allowed private medical information to be distributed to other Defendants who then used the information to forward a false narrative questioning Plaintiff's mental health.

17. Defendant Judge Tracy McDaniel furthered the pattern of misconduct and illegal activity of her predecessor and other defendant's by concealing court recordings that showed Plaintiff's medical emergency during a hearing, violations of Plaintiff's ADA rights and due process protections, and her personal obstruction of Plaintiff's right to a fair judicial process (*Estelle v. Smith*, 451 U.S. 454, 1981). Defendant McDaniel witnessed Plaintiff have a seizure and require emergency medical intervention during a recorded hearing, yet the Court has refused to provide Plaintiff with the recording. Just prior to Plaintiff's medical emergency, he had requested an attorney and been denied. At the time of the hearing, Plaintiff also reminded the Court that he had a motion for

ADA accommodations filed which Defendant McDaniel ignored, making no appropriate accommodations as required by law. Defendant McDaniel, as well as other named defendants, failed to make appropriate accommodations and discriminated against Plaintiff for his disabilities. Furthermore, Defendant McDaniel announced at the hearing that she did not have, nor did she attempt to gain, access to the entire case file, thus the judge overseeing the matter did not even have an understanding of the overall case, the pending motions, evidence/exhibits submitted, etc. Defendant McDaniel violated the judicial codes of cannons, failing to know the case over which she was presiding, further violating Plaintiff's rights, yet she continued to work with Defendant Murray ordering Plaintiff to release private and protected medical information without authority and failing to acknowledge Plaintiff provided releases of information years prior. The actions of Defendant McDaniel has further obstructed Plaintiff from reunifying with his children, has allowed a false narrative of mental health issues to continue, has ordered release of private medical and mental health records without a foundation to require such and has allowed the violation of Plaintiff's rights to continue, actively participating in the obstruction of justice, coercion, withholding of children and further damaging Plaintiff.

18. The unlawful suspension of Plaintiff's visitation inflicts irreparable harm by severing familial bonds, denying access to crucial medical and educational information, and stigmatizing Plaintiff publicly without lawful justification (*Ramona v. Superior Court*, 37 Cal. App. 4th 1638, 1995). The failure of the Court to rule on motions or issue final

14

orders has further harmed Plaintiff as he is unable to properly respond or raise appeals in state court.

19. Plaintiff has been denied his constitutional rights throughout the course of his family law case in Oklahoma, has suffered irreparable harm, has been discriminated against and the Court has failed to act. The defendants have worked together to deprive Plaintiff of his constitutional and civil rights, to obstruct justice, to withhold and hide evidence and have denied Plaintiff his due process rights.  Plaintiff knows his case is not an isolated incident and has had contact with other parents who have also fell victim to the systemic abuses taking place across Oklahoma including the counties of Payne, Garfield, Logan and Pottowatmie and who are willing to testify.  Additionally, inconsistencies/alterations/omissions have been seen on the Court's official website (OSCN) for both cases, calling into question the actions of Defendants and court staff with regards to the records kept in Plaintiff's case files.  While Plaintiff already has evidence of the actions of Defendants it is anticipated that further evidence will be uncovered during the discovery process to further support the claims contained herein. Immediate federal judicial intervention is critical.

## IV.   <u>Requests For Relief</u>

20. Plaintiff respectfully requests the following relief from this Honorable Court:

### Declaratory Judgment

21. Declare that Defendants' actions violated Plaintiff's fundamental constitutional rights, including but not limited to due process under the Fourteenth Amendment, the right to

15

parent-child association, and Plaintiff's rights under the ADA, HIPAA, and applicable state laws.

## Injunctive Relief

22. Immediate restoration of Plaintiff's parental rights and visitation privileges unjustly suspended in case FD-2015-458.

23. A permanent injunction prohibiting Defendants from further interference, retaliation, obstruction, or violations of Plaintiff's rights regarding parental association, medical privacy, and access to court and public records.

## Monetary Damages

24. Compensatory damages exceeding $10,000,000 for irreparable harm to familial relationships, emotional distress, loss of reputation, and economic hardship directly resulting from Defendants' violations.

25. Punitive damages assessed individually against Defendants acting in their personal capacities due to intentional, reckless, and malicious conduct, as allowed under 42 U.S.C. § 1983 and relevant federal and state statutes.

## Costs and Fees

26. Award Plaintiff all court costs, litigation expenses, and attorney's fees pursuant to 42 U.S.C. § 1988 and applicable statutes and case law.

## Equitable Relief and Remedies:

27. An order requiring Defendants to issue a formal retraction or correction of defamatory

narratives placed in Plaintiff's medical, judicial, and public records.

28. Order Defendants to expunge and remove all references to mental health stigmatization, falsified medical narratives, or unsupported psychiatric claims in public, private, or governmental databases.

29. Mandate an independent federal investigation or audit of the involved state and local offices to address ongoing concerns related to judicial nepotism, conflict of interest, judicial nomination irregularities, and violations of the Americans with Disabilities Act (ADA), and Health Insurance Portability and Accountability Act (HIPAA).

30. Order Defendants, to provide and fund appropriate reunification counseling, therapy, and associated support services to repair familial relationships disrupted by the Defendants' wrongful actions.

### Protection of Confidential Medical Information

31. Permanently enjoin Defendants from further unauthorized disclosure, dissemination, or misuse of Plaintiff's protected health information, and impose sanctions for past violations of Plaintiff's rights under HIPAA.

32. Grant any further equitable, injunctive, or remedial relief deemed just and appropriate by this Court under the circumstances. This relief is sought to address the comprehensive and severe harm caused by Defendants' coordinated violations of constitutional, statutory, and common-law rights of Plaintiff Gregory A. Moyer.

## V.    CERTIFICATION AND CLOSING

33. Under Federal Rule pf Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

34. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing:            4-8-2025

Signature of Plaintiff:

Printed Name of Plaintiff:    Gregory Ashley Moyer