OFFICE OF THE DISTRICT ATTORNEY
STATE OF OKLAHOMA



MIKE FIELDS
DISTRICT ATTORNEY

January 15, 2023

Mr. Greg Moyer
Ms. Jodi Bass
16642 Hightop Way NW
Cass Lake, MN 56633

Dear Mr. Moyer & Ms. Bass:

I've completed my review of this matter as per your request in our phone conversation on or around December 8, 2022. From my review, here's what I believe the evidence shows:

Koch employee Shon Jackson said Moyer had what Jackson described as "aggressive" and "belligerent" conversations with Koch HR employees sometime prior to early May 2022. These conversations apparently caused Jackson enough concern that he (or possibly Matador Regional Security Manager Todd Daley) prepared what was entitled a "Security Alert" pertaining to Moyer. This Security Alert was prepared in early May of 2022, and it was apparently circulated to Koch employees at the Enid facility.

This Security Alert contained two photographs of Moyer and said:

**SECURITY ALERT**
**BOLO**
**Gregory Ashley Moyer**
White/Male/Age 46

If seen, immediately contact Shon Jackson (580)542-2561 or
Matador Regional Security Manager, Todd Daley (870)500-8025.
If contact with individual is escalated call 911 for Sheriff's
Response.

Jackson said he had a conversation with Moyer on October 20, 2022. In this conversation, Jackson said Moyer made comments that caused Jackson to have concerns about Koch employees' safety as well as Moyer's mental health.

Two days later on October 22, 2022, there was an incident at the south scale gate at the Enid Koch facility in which a white car acted suspiciously and the driver made odd comments to the gate attendant. The gate attendant identified Moyer as the driver. The attendant contacted

GARFIELD COUNTY COURTHOUSE • 114 WEST BROADWAY • ENID, OKLAHOMA 73701
PHONE (580) 233-1311 • FAX (580) 233-7065 • RESTITUTION AND SUPERVISION PROGRAMS (580) 233-5228
DISTRICT FOUR: BLAINE, CANADIAN, GARFIELD, GRANT, KINGFISHER COUNTIES

Jackson and Mitchell Betchan. From my review of the video of this incident, it cannot be determined who was driving the vehicle.

According to Jackson, because of: 1) the previous communications between Moyer and Koch HR; 2) Moyer's prior employment at the Enid facility; and 3) Jackson's communication with Moyer on October 20th, Jackson contacted the Garfield County Sheriff's Office on October 23rd and made a report of the gate incident. Garfield County Sheriff's Deputy Ream took this report. Included in this report is the gate attendant's identification of Moyer as the person driving the vehicle. The report described the vehicle as a white Hyundai (no make) with the tag "twyster" (no state). The report indicates that Jackson asked the Sheriff's Office to inform Moyer that Koch did not want him on their property, and that he might be arrested for trespassing if he came onto their property in the future. (As an aside, Oklahoma criminal trespass laws generally require that notice to stay off property be given before someone may be prosecuted for trespassing. So Jackson's request and the Deputy's subsequent contact with Moyer informing him that Koch was "trespassing" him from their property are common practices and are required prerequisites for any possible future criminal prosecution.)

The two of you indicated to me that you checked into a hotel in Tulsa on October 20th and checked out on the 21st, and you checked into a hotel in Northwood, IA on October 21st and checked out on October 22nd. The documentation you've provided certainly appears consistent with this assertion. This obviously suggests the gate attendant made a mistaken identity of Moyer as the man in the white Hyundai at the gate on October 22nd. It is unknown how or why this mistaken identify was made. However, we know that mistaken identities are not uncommon.

After Deputy Ream took Jackson's report on October 23rd, she apparently began making efforts to contact Moyer to provide him with the trespass notice. On October 31st, Ream spoke by phone with Moyer informing him he'd been trespassed from the property by Koch (I believe you have and/or you made a recording of this phone call).

As of the writing of this letter, no one from Koch or the Sheriff's Office has asked the DA's Office to file charges or issue an arrest warrant for Moyer. Since they did not request charges or a warrant, the reports related to this incident weren't submitted to our office. I only became aware of them after talking with you all. It was at that time that I requested the reports and the Sheriff's Office provided them to me.

While the sequence of events I've detailed in this letter could be (or even are) relevant to civil litigation (or anticipated litigation) between you and Koch, nothing I've reviewed amounts to an apparent violation of a criminal law. Taking the information I have at face value (and at this point, I don't have any reason not to take at face value the information you all have provided to me as well as the information provided by the Sheriff's Office), the request to trespass Moyer from the property was not unreasonable in my humble opinion. It was based upon what they perceived to be specific, escalating events. Although the trespass request was based (at least in part) upon an apparently mistaken identification, no one asked our office to initiate criminal proceedings based upon the mistaken identification. It only became known to our office as the result of your request of me to review it.

2

If you would like to discuss this matter further, please contact me at your convenience.

Sincerely,

*[signature]*

Mike Fields