### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY ASHLEY MOYER, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>JAMES V. MURRAY, Attorney at Law, et al., )<br>)<br>  Defendants. ) | Case No. CIV-25-429-SLP |

### **O R D E R**

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Gentner Drummond [Doc. No. 28]. Plaintiff moves, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, "for the entry of a Default Judgment against Defendant Gentner Drummond, in his official capacity as Attorney General of the State of Oklahoma." *Id*. at 1.

Rule 55 mandates that a "two-step process" be followed where a plaintiff seeks entry of a default judgment. First, the clerk must enter a default. *See* Fed. R. Civ. P. 55(a). Second, following an entry of default, the plaintiff may proceed to obtain a default judgment. Fed. R. Civ. P. 55(b).

Plaintiff has not previously moved for the entry of default. Thus, his request for entry of a default judgment is premature. *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (describing clerk's entry of default under Rule 55(a) as "a prerequisite for the entry of a default judgment" under Rule 55(b)(1)); *Johnson v. Dayton Elec. Mfg. Co*., 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant

of a default judgment under Rule 55(b)."); *Flohrs v. Eli Lilly & Co.*, No. 12–2439–SAC, 2012 WL 5266116, at *1 (D. Kan. Oct. 23, 2012) (unpublished op.) (addressing the "two sequential steps" of Rule 55 and finding the plaintiff's motion for default judgment premature where he had not first requested an entry of default from the clerk). Accordingly, Plaintiff's motion for default judgment is DENIED without prejudice to refiling upon obtaining the clerk's entry of default.

    IT IS SO ORDERED this 9th day of July, 2024.

                                              SCOTT L. PALK
                                              UNITED STATES DISTRICT JUDGE