IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY ASHLEY MOYER,            )<br>                                  )<br>    Plaintiff,                   )<br>                                  )<br>v.                                )     Case No. CIV-25-429-SLP<br>                                  )<br>JAMES V. MURRAY, Attorney at Law, et al., )<br>                                  )<br>    Defendants.                   ) | |

**O R D E R**

Plaintiff, Gregory Ashley Moyer (Mr. Moyer), appearing pro se, has filed a First Amended Complaint [Doc. No. 6] alleging violations of his rights under various federal statutes to include: 42 U.S.C. § 1983; 18 U.S.C. §§ 1961-1968 (civil RICO); the Americans with Disabilities Act (ADA) and the Health Insurance Portability and Accountability Act (HIPAA).

The following Motions are currently pending before the Court: (1) Defendant Collins, Zorn, & Wagner's Motion to Dismiss and Brief in Support [Doc. No. 13]; (2) Defendant DHS's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Doc. No. 15]; (3) Defendant Former District Attorney Mike Fields's Motion to Dismiss and Brief in Support [Doc. No. 17]; (4) Defendant District Attorney Laura Thomas's Motion to Dismiss and Brief in Support [Doc. No. 20]; (5) Judicial Defendants' Motion to Dismiss and Brief in Support [Doc. No. 22]; (6) Defendant Melissa Griner DeLacerda's Motion to Dismiss with Brief in Support [Doc. No. 25]; (7) Defendant Attorney General Gentner Drummond's Motion to Dismiss and Brief in Support [Doc. No.

27]; (8) Stillwater School District Defendants' Motion to Dismiss, or in the Alternative, Motion for More Definite Statement, and Brief in Support [Doc. No. 32]; (9) Defendant Sheriff Harper's Motion to Dismiss and Brief in Support [Doc. No. 39]; and (10) Defendant James V. Murray's Motion to Dismiss Plaintiff's Complaint and Brief in Support [Doc. 43]. Plaintiff has not yet responded to these Motions. Nonetheless, the Court finds, in the interest of judicial efficiency, that rather than address these pending Motions, the Court will sua sponte DISMISS Plaintiff's First Amended Complaint for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.[1]

## I.     Background

Mr. Moyer names twenty-three Defendants. Mr. Moyer previously sued five of these Defendants in an action arising from at least some of the same events as those alleged in this action. *See Moyer v. Corley*, et al., Case No. CIV-21-817-C (W.D. Okla.) (*Moyer I*).[2]

Mr. Moyer's claims, very generally speaking, appear to have their genesis in family law proceedings in the District Court of Payne County, State of Oklahoma. In *Moyer I*, the Court identified those proceedings as occurring in 2017. *See id.*, Order [Doc. No. 47]

---

[1] Certainly, many of the Defendants' pending Motions raise Rule 8 concerns. But the Court sua sponte raises the issue pursuant to Fed. R. Civ. P. 41(b). *See Sladek v. Bank of Am., NA*, No. 24-1181, 2024 WL 4224029 at *4 (10th Cir. Sept. 18, 2024); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

[2] Those Defendants are Katherine E. Thomas, Melissa Griner DeLacerda, Virginia Banks, Lisa Thompson, and Retired Judge Phillip C. Corley.

at 2.  Consistent with that finding, in this action Plaintiff references a "Final Divorce Decree" issued on January 19, 2017, *see* First Am. Compl. at 16, and attaches a Journal Entry [Doc. No. 6-1] entered on November 15, 2017 in *Moyer v. Moyer*, Case No. FD-2015-456, District Court of Payne County, State of Oklahoma.  Mr. Moyer also attaches to his First Amended Complaint correspondence [Doc. No. 6-2] dated October and November 2017, about concerns he had with certain medical information being filed in the state-court action.

Although Mr. Moyer's claims have their genesis in these family-law proceedings, his First Amended Complaint contains allegations that span the time frame 2015 to 2025 and involve a multitude of other actors and other events.  His collective allegations and narrative presentation, however, make it virtually impossible to identify the factual basis for his legal claims or to determine which facts relate to which claims or to which Defendants they relate.

## II.     Governing Standard

Under Rule 8 of the Federal Rules of Civil Procedure, Mr. Moyer's First Amended Complaint "must contain . . . a short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).  In other words, in accordance with Rule 8, Mr. Moyer must "explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . .; and, what specific legal right [he] believes the defendant violated." *Nasious*, 492 F.3d at 1163.

Rule 8 serves two purposes. It gives opposing parties fair notice of the basis of the claim(s) against them so that they may respond to the complaint. And, it apprises the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). As the Tenth Circuit has explained:

> Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

*Id.*

Moreover, in cases, such as this one, where a complaint includes one or more claims brought under § 1983 against multiple individual governmental actors, "it is particularly important that the complaint make *exactly clear* who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (cleaned up) (emphasis added).

As a pro se litigant, Mr. Moyer is entitled to a liberal construction of his First Amended Complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But even so, the Court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Furthermore, a pro se litigant must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). And the Court will

not assume the role of advocate on behalf of a pro se litigant. *See Kincaid v. Unified Sch. Dist. No. 500*, 94 F.4th 936, 947 (10th Cir. 2024).

### III. Discussion

#### A. The First Amended Complaint Fails to Comply with Rule 8(a)

Mr. Moyer's First Amended Complaint (with attachments) is 115 pages long. As in *Mann*, the "sheer length" of the pleading makes his claims "unintelligible." *Id.*, 477 F.3d at 1148. But other deficiencies exist as well. The pleading does not set forth any claims for relief. As noted, instead, the pleading is largely presented in narrative fashion, with lengthy, but ultimately conclusory, allegations. The pleading includes a heading "STATEMENT OF CLAIM" but follows with 38 pages. *See* First Am. Compl. at 15-52. Even the "requests for relief" are conclusory and set forth in a manner that no individual defendant would be able to know the nature of the relief sought against him or her. *See, e.g.*, First Am. Compl. at ¶ 45 ("Plaintiff seeks individual declaratory judgment and injunctive relief grounded solely in the harms personally sustained as a direct result of the defendants' unlaw acts."); *id.* at ¶ 49 ("Compensatory damages exceeding $10,000,000 for irreparable harm to familial relationships, emotional distress, loss of reputation, and economic hardship directly resulting from Defendants' violations.").

Under these circumstances "not even the most attentive of readers could figure out who did what to whom." *Mann*, 477 F.3d at 1148. Accordingly, the Court finds that dismissal of the First25-429 Amended Complaint is proper.

5

### B. Leave to Amend

The Court will grant Mr. Moyer an opportunity to file a motion requesting leave to file a second amended complaint.[3] If Mr. Moyer so moves, he must comply with the requirements of LCvR 15.1. Mr. Moyer is forewarned that failure to comply with the Court's local rules and/or the Federal Rules of Civil Procedure may result in the denial of any such motion. The Court further notes that it appears that many of Mr. Moyer's claims, as currently raised, may be barred by: (1) the applicable statutes of limitation; (2) jurisdictional deficiencies; (3) collateral estoppel[4]; and/or (4) immunity from suit.[5] Mr. Moyer should be mindful of these issues should he seek leave to further amend his pleading.

---

[3] Leave of court is required. *See* Fed. R. Civ. P. 15(a)(2).

[4] In his First Amended Complaint, Mr. Moyer acknowledges *Moyer I*. *Id.* at ¶ 6. But he claims it was "dismissed without prejudice and did not result in a ruling on the merits." *Id.* A review of *Moyer I* demonstrates that Plaintiff's claims were dismissed on the following grounds: (1) statute of limitations; (2) *Rooker-Feldman* doctrine; (3) *Younger* Abstention; (4) Failure to State a Claim; (5) Individual Capacity; (6) Eleventh Amendment Immunity; (7) Oklahoma Governmental Tort Claims Act; and (8) Judicial Immunity. *See* Order [Doc. No. 47]. The dismissal clearly encompassed "ruling[s] on the merits." Moreover, the Court specifically found that "[b]ecause no amendment could cure the jurisdictional issues a separate Judgment will issue." *Id.* at 11. To the extent Mr. Moyer attempts to reassert those claims here, he is cautioned that "[i]ssue preclusion applies even when a prior decision never reached the merits, that is, dismissals for lack of jurisdiction preclude future relitigation of that jurisdictional question." *Boulter v. Noble Energy, Inc.*, No. 23-1118, 2024 WL 1526289 at *3 (10th Cir. 2024); *see also Park Lake Resources Ltd. Liability v. U.S. Dept. of Agr.* 378 F.3d 1132, 1135 (10th Cir. 2004) (recognizing that "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question" (cleaned up)).

[5] This list is illustrative and in no way comprehensive or exhaustive.

**IV.     Conclusion**

For the reasons set forth, the Court ORDERS as follows:

1.      The Court sua sponte DISMISSES Plaintiff's First Amended Complaint [Doc. No. 6].

2.      The Court DENIES as MOOT Defendants' pending Motions to Dismiss [Doc. Nos. 13, 15, 17, 20, 22, 25, 27, 32, 39 and 43].

3.      The Court GRANTS Plaintiff 14 days from the date of this Order, or until July 25, to file a motion for leave to file a second amended complaint.    If Plaintiff does not move for leave to file a second amended complaint, the Court will enter a judgment of dismissal.

IT IS SO ORDERED this 11th day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE