# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY ASHLEY MOYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-429-SLP |
| | ) |
| JAMES V. MURRAY, Attorney at Law, et al., | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

Before the Court is Plaintiff's Objection to Sua Sponte Dismissal and Assertion of 7th Amendment Jury Trial Rights and Due Process [Doc. No. 55]. To the extent the Objection is construed as a Motion, the Motion is DENIED.[1] Plaintiff contests the Court's sua sponte dismissal of his First Amended Complaint. *See* Order [Doc. No. 44]. Plaintiff also contests the Court's "failure to rule on default." Obj. at 5-6. As relief, Plaintiff asks the Court to "uphold" his "Seventh Amendment right to a jury trial," [r]efrain from adjudicating factual matters that must be resolved by a jury," "promptly rule on Plaintiff's Motion for Default Judgment [Doc. No. 28]," "[r]ecognize that [s]ua sponte dismissal deprives Plaintiff of due process," and "[p]ermit Plaintiff to proceed with discovery under the First Amended Complaint, or alternatively, allow the filing of a Second Amended Complaint with protective conditions." *Id*. at 7-8.

---

[1] Plaintiff is cautioned that he must comply with the Federal Rules of Civil Procedure and the local rules of this Court. In the future, the Court will not rule on matters that are not presented by a properly filed motion.

Any request for relief is denied. For the reasons set forth in the Court's Order [Doc. No. 44], sua sponte dismissal of the First Amended Complaint was proper and did not deprive Plaintiff of any statutory or constitutional rights. *See, e.g., Viegas v. Kane*, No. 24-1368, 2025 WL 2089402 at *3 (10th Cir. July 25, 2025) (rejecting claim that plaintiffs' Seventh Amendment right to a jury trial was violated as they were not entitled to a jury trial because the district court dismissed their amended complaint at the pleading stage); *see also id.* (plaintiffs were not entitled to discovery where the district court determined the complaint failed to state a claim under Rule 12(b)(6)).

Moreover, the Court did rule on Plaintiff's Motion for Default Judgment, by denying it as premature and without prejudice. *See* Order [Doc. No. 35]. The Court's subsequent Order [Doc. No. 54], denying Plaintiff's Motion for Clerk's Entry of Default [Doc. No. 49] on grounds that it was moot as a result of the Court's sua sponte dismissal of the First Amended Complaint, was proper. *See, e.g., Miller v. Oklahoma Dep't of Hum. Servs.*, No. 23-6119, 2024 WL 2828863, at *4 (10th Cir. June 4, 2024) ("When a plaintiff's claims are subject to dismissal, the district court does not abuse its discretion in refusing to enter a default judgment.").[2]

IT IS THEREFORE ORDERED that Plaintiff's Objection to Sua Sponte Dismissal and Assertion of 7th Amendment Jury Trial Rights and Due Process [Doc. No. 55], construed as a motion, is DENIED.

---

[2] Furthermore, Defendant Drummond filed a Motion to Dismiss in this case, *see* Doc. No. 27, and, therefore, entry of default judgment would not have been proper. *See id.* at * 4 ("If defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default.") (cleaned up).

IT IS SO ORDERED this 4th day of August, 2025.

                                                  SCOTT L. PALK
                                                  UNITED STATES DISTRICT JUDGE