## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GREGORY ASHLEY MOYER,                       )
                                            )
    Plaintiff,                            )
                                            )
v.                                          )    Case No. CIV-25-429-SLP
                                            )
JAMES V. MURRAY, Attorney at Law, et al.,   )
                                            )
    Defendants.                           )

## O R D E R

Before the Court are Plaintiff's Supplemental Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) [Doc. No. 78] and Plaintiff's Brief in Support [Doc. No. 79]. Plaintiff argues that "extraordinary circumstances" compel relief from the Court's Judgment [Doc. No. 67] entered August 4, 2025. Plaintiff cites "newly discovered evidence" – (1) alleged "public admissions" by Defendant Attorney General Gentner Drummond regarding "conflicts of interest and failures to investigate ethics complaints"; and (2) the arrest of "[f]ederal witness Darrell Doughtery" which Plaintiff contends "constitutes retaliation under 18 U.S.C. § 1512 and represents obstruction that directly undermines the fairness of these proceedings." Suppl. Mot. at 2-3.

Plaintiff previously raised similar allegations, at least with respect to Defendant Drummond, in a Motion for Leave to Supplement Record [Doc. No. 69]. The Court denied Plaintiff's request. *See* Order [Doc. No. 77]. The Court did so noting, among other deficiencies, that "it is not at all clear how the alleged newly-discovered evidence relates to any specific claim and/or defendant." *Id*. at 2. Plaintiff's current filing suffers from this

same problem.  He makes only the most conclusory factual allegations and fails to tie those allegations with any specific prior findings of the Court or claims raised.

Plaintiff also argues that the Court erred in entering judgment prior to certain Defendants filing any responsive pleading and/or failing to enter default judgment.  But the Court properly addressed the claims against those Defendants and has previously addressed and rejected similar arguments made by Plaintiff.  *See, e.g.*, Order [Doc. No. 64].

"To obtain relief under Rule 60(b)(6), a movant must show 'extraordinary circumstances.'" *Waetzig v. Halliburton Energy Servs., Inc.,*  145 F.4th 1279, 1283 (10th Cir. 2025) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), then citing *BLOM Bank v. Honickman*, 605 U.S. --, 145 S.Ct. 1612, 1622 (2025)).  Rule 60(b)(6) relief may be granted "only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).  Here, the Court concludes, for the reasons set forth, that Plaintiff has failed to show any such extraordinary circumstances exist.

IT IS THEREFORE ORDERED that Plaintiff's Supplemental Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) [Doc. No. 78] and Plaintiff's Brief in Support [Doc. No. 79] are DENIED.

IT IS SO ORDERED this 17th day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE