IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GREGORY ASHLEY MOYER,                    )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Case No. CIV-25-429-SLP
                                         )
JAMES V. MURRAY, Attorney at Law, et al., )
                                         )
        Defendants.                      )

## O R D E R

Before the Court is Plaintiff's Amended Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(2), 60(b)(3), and 60(b)(6) [Doc. No. 81]. The Court previously entered judgment in this case on August 4, 2025. *See* Judgment of Dismissal [Doc. No. 67]. Plaintiff appealed that judgment to the Tenth Circuit Court of Appeals and that appeal currently remains pending. The Court proceeds with an indicative ruling pursuant to Fed. R. Civ. P. 62.1(a)(2) and DENIES Plaintiff's Amended Motion.[1]

## Discussion

Plaintiff seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The applicable provisions of Rule 60(b) upon which Plaintiff relies provide:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] Fed. R. Civ. P. 62.1(a) provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

> \* \* \*
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> \* \* \*
>
> or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In support of his request for relief pursuant to Rule 60(b)(2), Plaintiff states that "[s]ince the August 4, 2025 dismissal, Plaintiff has obtained the following evidence unavailable at the time of dismissal." *See* Mot. at 12. He then identifies evidence that came into existence *after* the dismissal of the action. *See id*. at 12-14. As the Tenth Circuit has explained, however, under Rule 60(b)(2), "the 'newly discovered evidence' must have been in existence' when the district court entered judgment." *Perry v. Encore At Boulevard One LLC*, No. 25-1128, 2026 WL 636754 at \*3 (10th Cir. Mar. 6, 2026) (quoting *Wolfgang v. Mid-Am. Motorsports, Inc*., 111 F.3d 1515, 1530 (10th Cir. 1997)).[2] Because Plaintiff relies on new evidence, rather than newly discovered evidence, he fails to show entitlement to relief under Rule 60(b)(2).

---

[2] One exception exists. Plaintiff identifies the "criminal history of Brandon Keith Stinnett" showing that he was charged in April 2007 with a crime. *Id*. at 13. Plaintiff argues that he has confirmed this criminal history through "publicly available records." *Id*. Plaintiff makes no showing, however, as to why this information was not previously available to him or why, with the exercise of reasonable diligence, he could not have obtained this publicly available information. Accordingly, he is not entitled to Rule 60(b)(2) relief.

2

Under Rule 60(b)(3), Plaintiff claims that "fraudulent and obstructive conduct by opposing parties infected the proceedings[.]".  Mot. at 15.  But a review of the alleged fraudulent conduct is primarily conduct that occurred in state court and outside the proceedings before this Court.  Plaintiff fails to identify any conduct by the opposing parties in this litigation.  *See, e.g., Zurich North Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290-91 (10th Cir. 2005) (explaining that "[b]y its terms, Rule 60(b)(3) deals with 'fraud . . . , misrepresentation, or misconduct *by an adverse party*'").  Nor has Plaintiff made any showing by "clear and convincing proof" that any conduct by the opposing parties substantially interfered with his right to present his claims to the Court.  *Id*. at 1290.  Thus, no relief is warranted under Rule 60(b)(3).

Finally, Plaintiff looks to Rule 60(b)(6) as a basis for relief.  He claims that "[m]ultiple and extraordinary circumstances independently and collectively justify relief[.]" Mot. at 18.  Plaintiff cites the Supreme Court's decision in *Mirabelli v. Bonta*, 607 U.S. --,  146 S.Ct. 797 (2026) and the Tenth Circuit's decision in *Lee v. Poudre Sch. Dist. R-1*, 135 F.4th 924 (10th Cir. 2025) which he asserts reaffirm parental rights as fundamental constitutional rights.  Plaintiff does not argue that these decisions constitute a change in controlling law but instead contends the cases "reaffirm" existing law.  Plaintiff fails to demonstrate how or why these decisions constitute a basis for relief under Rule 60(b)(6).  *See, e.g.*, *United States v. Headley*, No. 24-8061, 2025 WL 547510 at *1 (10th Cir. Feb. 19, 2025) (rejecting defendant's argument that he found "new case law" as basis for justifying relief under Rule 60(b)(6) where he failed to "explain[] how the discovery of new case law would justify reliance on the catchall provision in Rule 60" (citing *Johnston*

3

*v. Cigna Corp.*, 14 F.3d 486, 497 (10th Cir. 1993) (stating that in the absence of a legal change in a factually related case, a change in the law doesn't justify relief under Rule 60(b)(6)); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (grounds warranting relief under Rule 60(b)(6) include an intervening change in controlling law).

The other bases upon which Plaintiff relies to obtain relief under Rule 60(b)(6) similarly lack merit. He contends that issues of mootness, a documented child safety risk, the Court's sua sponte dismissal of his action, the pendency of a case before this Court which he claims is based on "virtually identical allegations," and "judicial disciplinary outcomes" are grounds for relief under Rule 60(b)(6). But he provides no authority or sufficient factual analysis to demonstrate why these issues warrant relief under the parameters of Rule 60(b)(6). As the Tenth Circuit has consistently ruled, "Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule. It is not a substitute for appeal, and must be considered with the need for finality of judgment." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

In sum, the Court finds Plaintiff has failed to establish that he is entitled to relief under any of the provisions of Rule 60(b) upon which he relies.

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(2), 60(b)(3), and 60(b)(6) [Doc. No. 81] is DENIED.

IT IS SO ORDERED this 6th day of April, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE