IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GREGORY ASHLEY MOYER,            )
                                 )
        Plaintiff,               )
                                 )
v.                               )        Case No. CIV-25-429-SLP
                                 )
JAMES V. MURRAY, et al.,         )
                                 )
        Defendants.              )

**O R D E R**

Plaintiff, Gregory Ashley Moyer (Mr. Moyer), appearing pro se, has filed a Motion

for Judicial Notice of Disqualifying Conflict and Motion to Disqualify Pursuant to 28

U.S.C. §§ 455(a), 455(b)(1), and 455(b)(5)(iii) and for Vacatur of Orders Entered by a

Disqualified Judge [Doc. No. 88].  Mr. Moyer seeks disqualification of the undersigned

claiming both the appearance of impartiality and actual partiality. Defendants James V.

Murray, Melissa Griner DeLacerda and Defendants Joe Harper and Collins, Zorn, and

Wagner have filed Responses in Opposition [Doc. Nos. 99, 100 and 101].  Mr. Moyer has

filed a Consolidated Reply [Doc. No. 103] and the matter is at issue.  For the reasons that

follow, Mr. Moyer's Motion is DENIED.

I.      **Introduction**

Mr. Moyer's litigation history in this judicial district began in 2021.  At that time,

Mr. Moyer initiated a lawsuit pursuant to 42 U.S.C. § 1983 alleging claims "arising from

a divorce proceeding between him and Defendant Mary Stinnett." *See Moyer v. Corley*,

Case No. CIV-21-817-C (W.D. Okla.) (*Moyer I*), Mem. Op. and Order [Doc. No. 47] at 1.

*Moyer I* was assigned to United States District Judge Robin Cauthron.  In February 2022, Judge Cauthron (who has since retired) dismissed his claims and entered judgment. *See* Mem. Op. and Order and Jdt. [Doc. Nos. 47 and 48].  Mr. Moyer did not appeal the judgment.

More than three years later, in April 2025, Mr. Moyer filed the instant action.  *See* Compl. [Doc. No. 1] (*Moyer II)*.  As detailed in a prior Order [Doc. No. 44], in this action, Mr. Moyer named twenty-three Defendants, five of whom he had previously sued in *Moyer I.*  "Mr. Moyer's claims, very generally speaking, appear to have their genesis in family law proceedings in the District Court of Payne County, State of Oklahoma," from 2017, but his  claims "span the time frame 2015 to 2025 and involve a multitude of other actors and other events." *Id*. at 2-3.

On July 11, 2025, the Court dismissed Mr. Moyer's First Amended Complaint, finding the allegations did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. *Id*. at 5-7.  But the Court granted Mr. Moyer the opportunity to file a motion for leave to file a second amended complaint. *Id*. at 7.  The Court, at that time, denied as moot several pending motions to dismiss filed by Defendants. *Id*.

Mr. Moyer then filed a Motion for Leave to File Second Amended Complaint [Doc. No. 56] and in accordance with LCvR 15.1, he attached his Proposed Second Amended Complaint (PSAC) [Doc. No. 56-1].  The Court reviewed the PSAC and found it failed to state claims upon which relief may be granted and otherwise "continued to be plagued with Rule 8 deficiencies." *See* Order [Doc. No. 65] at 2, 4-16.  Accordingly, on August 4, 2025, the Court denied Mr. Moyer's Motion and dismissed the action. *See id.*

On August 22, 2025, Mr. Moyer filed a Notice of Appeal [Doc. No. 73]. His appeal is currently pending before the Tenth Circuit. *See Moyer v. Murray, et al.*, No. 25-6135 (10th Cir.) (*Moyer II* Appeal). Between the time frame August 2025 through April 2026, Mr. Moyer has also filed with this Court a series of post-judgment motions, including the Motion now under consideration, *See* Doc. Nos. 69, 78, 79, 81, 85, 86, 88, 92, 93 and 96. Some of these motions have been ruled upon, others are pending.

Mr. Moyer has raised issues of bias as to several state-court judges in his filings in this action. *See, e.g.*, Am. Compl. [Doc. No. 6]. On October 3, 2025, in his Opening Brief before the Tenth Circuit, Mr. Moyer alleged, for the first time, bias by the undersigned. *See Moyer II* Appeal, Opening Brf. [Doc. No. 32] at 21-22. He alleged that the undersigned engaged in "selective enforcement" by "excus[ing] delays by defendants but penalize[ing] [Mr. Moyer] for minor timing issues." *Id.* at 21. But Mr. Moyer did not seek the undersigned's recusal at that time.

On March 20, 2026, Mr. Moyer filed before the Tenth Circuit a Motion for Remand or, in the Alternative, Abeyance Pending Disposition of Rule 60(b) Motion in the District Court [Doc. No. 104]. And on March 30, 2026, Mr. Moyer filed in this Court an Amended Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(2), 60(b)(3), and 60(b)(6). *See Moyer II*, Doc. No. 81. Notably, in these more recent filings, Mr. Moyer still did not raise any issue regarding disqualification.

On April 6, 2026, the Court denied the Rule 60(b) Motion. *See id.* Order [Doc. No. 83]. The Court simultaneously entered an Order directing, pursuant to Fed. R. Civ. P. 5.2(a), that the Motion be sealed because the filing contained protected information, to

include the names of one or more individuals that appear to be minors.  *See* Order [Doc. No. 82].   In the Order, the Court noted that Mr. Moyer had been reminded of this requirement on prior occasions and that it gave the Court concern that Mr. Moyer continued to refuse to comply with privacy protection requirements.  *Id*. (citing Doc. Nos. 34 and 53). The Court admonished Mr. Moyer that it would strike any future filings that failed to comply.  *Id*.

On the heels of this Order, Mr. Moyer filed the pending Motion.  He claims that the Court's April 6, 2026 Order, which he describes as "threatening", prompted "independent research" pursuant to which Mr. Moyer "discovered the full scope of conflict."  Mot. at 2. He claims his Motion is timely because any delay in its filing is attributable to "the judge's own failure to disclose."  *Id*.

Mr. Moyer seeks disqualification on four grounds -- all arising out of the undersigned's connections to the University of Oklahoma: (1) the employment position held by the undersigned's spouse at the University of Oklahoma;[1] (2) the undersigned's former employment at the University of Oklahoma;[2] (3) a pending lawsuit in another judicial district in which the University of Oklahoma is alleged to be a defendant;[3] and (4)

---

[1] The undersigned's spouse serves as Deputy General Counsel to the University of Oklahoma.

[2]  The undersigned held the position of Assistant Dean of Students at the University of Oklahoma College of Law and Assistant General Counsel from 2011 to 2017.  That employment ended with the undersigned's appointment to his current position, nearly eight years prior to the filing of this lawsuit.

[3] As discussed infra, the referenced lawsuit is *Mackey v. Nat'l Collegiate Athletic Assoc*., Case No. CIV-16-8727 (N.D. Ill.) and, contrary to Mr. Moyer's representation, the lawsuit does not appear to name the University of Oklahoma as a party.

the undersigned's recusal -- more than two years ago -- in a case filed in this judicial district in which the Board of Regents of the University of Oklahoma is a named party.[4]

## II.    <u>Governing Law</u>

Mr. Moyer bases his recusal request on 28 U.S.C. § 455(a)-(b), two separate disqualification provisions. "Section 455(a) requires disqualification for the appearance of impartiality, § 455(b)(1) for actual partiality." *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019). Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." And § 455(b) lists specific grounds for disqualification, including the two relied upon by Mr. Moyer: when a judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"; and when a judge's spouse is "known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." § 455(b)(1) and (b)(5)(iii).

"[D]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Woodmore*, 135 F.4th 861, 874 (10th Cir. 2025) (internal quotation marks and citations omitted). The statutory recusal standard is "purely objective" and "limited to outward manifestations and reasonable inferences drawn therefrom." *Id*. (internal quotation marks

---

[4] The referenced case is *Olupitan v. Board of Regents of the Univ. of Oklahoma*, Case No. CIV-24-349-G (W.D. Okla.). The undersigned recused from this case in April 2024.

and citations omitted).  The statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Id.* (internal quotation marks and citation omitted).

### III.    Discussion

#### A.    Jurisdiction

Defendants Joe Harper, in his official capacity as Sheriff of Payne County, and Collins, Zorn & Wagner, argue that the Court lacks jurisdiction to rule on Plaintiff's Motion due to Plaintiff's pending appeal before the Tenth Circuit.  *See* Resp. [Doc. No. 101] at 1-2.  In support, Defendants cite the general principle that "[a] timely notice of appeal from a final judgment divests a district court of jurisdiction over the subject of the appeal."  *Id*. (citing *U.S. v. Graham*, 248 F. App'x 929, 931 (10th Cir. 2007), then citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 68 (1982)).  But the Court finds this argument lacks merit.

On April 13, 2026, Mr. Moyer filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [Doc. No. 85].  Mr. Moyer seeks relief from the Court's Order [Doc. No. 83] entered April 6, 2026 denying his Amended Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(2), 60(b)(3), and 60(b)(6) [Doc. No. 81].

Notwithstanding the pending appeal, the Court retains jurisdiction to rule on post-judgment matters, to include motions seeking relief under Rule 60(b), where an indicative ruling is requested.  *See, e.g., Burgess v. Daniels*, 576 F. App'x 809, 813 (10th Cir. 2014) ("In ordinary civil cases, the rule is that after an appeal has been taken, the district court retains jurisdiction to consider and deny a Rule 60(b) motion[.]" (cleaned up; citations

6

omitted)); Fed. R. Civ. P. 62.1(a)(2) (authorizing indicative rulings under limited circumstances). The Court's ruling on Mr. Moyer's Rule 60(b) Motion is separately appealable. *See LeBahn v. Owens*, 813 F.3d 1300, 1305 (10th Cir. 2016). Additionally, Mr. Moyer's filing of the Rule 59(e) Motion has tolled the time for filing any appeal of the Rule 60(b) Motion. *See* Fed. R. App. P. 4(a)(4)(A) (providing that a timely Rule 59 motion, or a Rule 60 motion filed within twenty-eight days of the judgment, tolls the time to appeal). Under this procedural posture, the Court has jurisdiction to rule on the pending Motion. *Cf. Davis v. U.S. Dep't of Justice*, No. 23-3244, 2024 WL 4003734 at *6, n. 9 (10th Cir. Aug. 30, 2024) (recognizing that district court retained jurisdiction over motion to disqualify filed after the case had been dismissed "because the time for filing post-judgment motions had not passed").[5]

### B.    Timeliness

A motion to disqualify must be timely filed. *Davis*, 2024 WL 4003734 at *4 (citing *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988)); *see also Burke*, 935 F.3d at 1053. Generally, such a motion must be filed "at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *Id.* (internal quotation marks and citation omitted). "'A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process.'" *Id.* at *7 (quoting *United States v. Pearson*, 203 F.3d 1243, 1276

---

[5] The Court's jurisdiction, however, is seemingly quite narrow -- limited to any alleged bias as it pertains to the Rule 60(b) and Rule 59(e) motions.

(10th Cir. 2000)).  The Tenth Circuit has found a motion filed five weeks after the issuance of a ruling reflecting alleged bias to be untimely.  *Id*. at *6 (citing *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)).

As set forth, Mr. Moyer seeks recusal on grounds arising from the undersigned's alleged connections to the University of Oklahoma. According to Mr. Moyer he discovered the undersigned's alleged "conflicts" "through independent research prompted by the Court's April 6, 2026, threatening order."  Mot. at 2.  As previously set forth, the Order referenced by Mr. Moyer included an admonishment regarding privacy protection issues of minor children and the requirements of Fed. R. Civ. P. 5.2(a).

The Court finds Mr. Moyer has failed to demonstrate the timeliness of his Motion. All of the matters upon which he relies to show bias are matters Mr. Moyer knew or should have known about at the outset of this litigation – commenced well over a year ago.  The fact that he did not like a ruling of this Court recently entered and that such a ruling caused him to "research" the issue of bias is unavailing.  *See United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017) ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (internal quotation marks and citation omitted)); *Webb v. Swensen*, 663 F. App'x 609, 615 (10th Cir. 2016) ("Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge." (internal quotation marks and citation omitted)).

### C.    Merits

Even if the Motion were timely filed, the Court has reviewed Plaintiff's Motion and finds recusal is not warranted.  "Judges not only have a strong duty to recuse when appropriate, *but also a strong duty to sit*, and [§ 455(a)] must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Wells*, 873 F.3d at 1251 (10th Cir. 2017) (internal quotation marks and citation omitted, emphasis added); *see also Diaz v. King*, 687 F. App'x 709, 713 (10th Cir. 2017) ("It takes more than speculation or suspicion of bias to require recusal [a]nd prior adverse rulings or the judge's familiarity with a defendant are not enough." (citation omitted)).

As previously set forth, Mr. Moyer identifies the basis for "investigating" whether the undersigned should disqualify himself was the entry of the Court's April 6, 2026 Order [Doc. No. 82].  But nothing about the Court's admonishment included in that Order was threatening. Rather, the Order reminded Mr. Moyer of the requirements of Fed. R. Civ. P. 5.2(a).  Thus, the Court declines to find disqualification necessary on any ground related to the issuance of the April 6, 2026 Order.  Indeed, it is well established that pro se litigants are held to the same standards as parties represented by counsel.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("Pro se status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and

9

Appellate Procedure.'" (quoting *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)).[6]

Mr. Moyer also appears to be upset that he has not been provided adequate notice of filings in this case and, in particular, the April 6, 2026 Order. He alleges that "[a]s of April 12, 2026, six days after entry" the orders entered on April 6, 2026 had not "arrived at Plaintiff's Minnesota address nor via electronic means." Mot. at 8. But Mr. Moyer does not identify any resulting prejudice. Moreover, to the extent Mr. Moyer alleges the Clerk of Court did not perform its duty "to serve notice of every order," *see* Mot. at 8, the record shows otherwise. The Clerk of Court mailed the April 6, 2026 Order to Mr. Moyer. Thereafter, on April 17, 2026, Mr. Moyer filed a Notice of Change of Address. *See* Doc. No. 89. The record reflects that up until that time, the Clerk of Court sent mailings to Mr. Moyer to the following address: 16442 Hightop Way NW, Cass Lake, MN 56633. Upon the filing of the Notice of Change of Address, the Clerk of Court has since sent mailings to Mr. Moyer at the corrected address: 16642 Hightop Way NW, Cass Lake, MN 56633. Notably no mailings in this case have ever been returned as undeliverable.

---

[6] In this regard, Mr. Moyer states that "his wife [is] a licensed attorney in Minnesota[.]" Mot. at 4. She is included on several emails that are exhibits to filings in this case. One of those exhibits expressly identifies Mr. Moyer's wife as "counsel for Plaintiff-Appellant." *See* Doc. No. 103-3 at 8. Certainly, the quality of the briefing suggests that it is counseled. To this end, the Tenth Circuit "require[s] disclosure of attorney ghostwriting because an attorney's provision of substantial legal assistance to a pro se party both inappropriately shields the attorney from accountability for h[er] actions and affords the pro se party the unwarranted benefit of a liberal construction of h[is] filings." *Velasquez-Sierra v. Garland*, No. 22-9556, 2023 WL 7179437, at *3, n. 5 (10th Cir. Nov. 1, 2023) (requiring any attorney assisting in drafting briefs to "disclose such participation to th[e] court in an appropriate filing") (citing *Duran v. Carris*, 238 F.3d 1268, 1271-72 (10th Cir. 2001)).

**1.    Impartiality Based Upon the Employment Position Held by the Undersigned's Spouse -- § 455(b)(5)(iii)**

Mr. Moyer seeks disqualification under § 455(b)(5)(iii) alleging that the undersigned's spouse has "an interest that could be substantially affected by the outcome of the proceedings." According to Mr. Moyer the undersigned's spouse "has a direct professional and financial interest in litigation involving OU-connected parties and matters that could affect the University's institutional liability." Mot. at 3-4. As the "OU-connected" party, Mr. Moyer identifies Defendant Mike Fields and alleges that Mr. Fields "maintains documented connections to the University of Oklahoma including fundraising legal duties on the University's behalf." *Id*. at 4. Mr. Moyer then asserts that "[t]he outcome of this case could substantially affect the institutional interests" that the undersigned's spouse "is currently paid to protect." *Id*.

In essence, it is Mr. Moyer's position that the undersigned must recuse in any case in which a party to the litigation has engaged in fundraising on behalf of the University of Oklahoma because of the employment position held by his spouse. But § 455 does not sweep so broadly. *Cf. Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1240 (10th Cir. 2020) (recognizing that alumni connections are not a reasonable basis for questioning a judge's impartiality, even if alumni contribute financially or participate in educational activities"). In *Barnett*, the plaintiff sought disqualification alleging that "financial contributions made by the district judge's spouse to [Tulsa University], her alma matter, created an appearance of impropriety." Notably, Tulsa University was a named defendant in the action. *Id*. In affirming the district court's

11

denial of the request for disqualification, the Tenth Circuit found three features significant: (1) the judge (or a family member) did not have a financial interest in the litigation; (2) the contribution was not "specifically tied to activity related to the litigation"; and (3) the contribution was made by the judge's spouse, not the judge himself." *Id*. at 1240-41. Such "features" apply with even greater force to the allegations of bias here. Mr. Moyer does not allege that either the undersigned or his spouse have a financial interest in the litigation. His allegation is much more attenuated, requiring tangential connections to demonstrate any alleged bias.

Moreover, Mr. Moyer's allegations about Defendant Fields' "connections," "fundraising," and "legal duties on the University's behalf" are wholly conclusory and unsupported. *See ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 777 (10th Cir. 2011) (disqualification under § 455(a) not required where movants' allegations of bias had no evidentiary support); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

The fact that the undersigned's spouse is employed by the University of Oklahoma does not change the analysis. *See Barnett*, 956 F.3d at 1241 (recognizing that "[i]n present-day society we do not treat a married couple as single-minded on public issues"); *see also ClearOne*, 643 F.3d at 777 (no recusal required where litigant alleged that spouse of district judge was employed of counsel at firm representing party to litigation, but provided no evidence that either the spouse or the district judge had a financial interest in the subject matter in controversy or an interest that could have been substantially affected by the outcome of the litigation). Mr. Moyer's allegations do not support a claim that the

undersigned's spouse has any interest substantially affected by the outcome of this litigation.

### 2.    Impartiality Based on the Undersigned's Former Employment at the University of Oklahoma -- § 455(b)(1)

For disqualification to be proper under § 455(b)(1), it must be shown that a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Mr. Moyer alleges that he "was a football player at the University of Oklahoma and was involved in civil litigation during a period overlapping with [the undersigned's] tenure there."  Mot. at 4.  Mr. Moyer further states that he "sustained concussion injuries during his time as an OU football player" and that "[t]hose injuries are the subject of a pending NCAA and University of Oklahoma concussion lawsuit out of Houston, Texas, filed through Raizner Slania LLP."  *Id*.

The undersigned previously had no knowledge of this lawsuit but acknowledges that § 455 "can be violated without knowledge of a disqualifying circumstance." *Obduskey v. Wells Fargo*, No. 22-1156, 2023 WL 1831128 at *7 (10th Cir. Feb. 9, 2023) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 861 (1988)).  And while a judge is not expected to disqualify based on facts he does not know, a judge does have a continuing duty to recuse if "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."  *United States v. Martinez*, 92 F.4th 1213, 1256 (10th Cir. 2024).

Defendants Joe Harper and Collins, Zorn and Wagner have identified a class action lawsuit which they "presume" to be the lawsuit referenced by Plaintiff.  *See* Resp. [Doc.

13

No. 101] at 4. As set forth *supra*, the lawsuit has been identified as *Mackey v. Nat'l Collegiate Athletic Assoc.*, Case No. CIV-16-8727 (N.D. Ill.). In his Reply, Mr. Moyer appears to concede that this is the lawsuit to which he makes reference. *See* Reply at 3-4 ("Beginning in 2016, during Palk's active tenure as OU's in-house legal counsel, Plaintiff engaged Raizner Slania LLP in connection with the Mackey litigation.").

The undersigned takes judicial notice of the docket in that case which confirms that it was instituted in 2016. It does not appear that the University of Oklahoma is a party to that litigation.

According to Mr. Moyer, the firm Raizner Slania "held Plaintiff's medical, student, and athletic records obtained from the University of Oklahoma in connection with that litigation." *Id*. The only evidentiary support he provides is correspondence from the Raizner Slania law firm. A February 2019 email to Mr. Moyer indicates that the law firm had filed "214 class action lawsuits against the NCAA on behalf of thousands of former football players." *See* correspondence [Doc. No. 103-2]. There is no specific reference to any class action against the University of Oklahoma. Nor is there any specific reference to any claim brought on behalf of Mr. Moyer or any reference to medical records the law firm obtained from Mr. Moyer.

Mr. Moyer claims the undersigned "served as legal counsel and student affairs administrator at OU during the period when those records were generated, stored and later distributed, therefore he is a potential material witness concerning the University's record-keeping practices and knowledge of player safety protocols during the relevant period." *Id*. at 5. As a tie-in to the present litigation, Mr. Moyer contends that Defendant Koch

14

Industries "possesses and owes Plaintiff [sic] medical records in connection with his prior Koch employment and related exposure claim" and that "[t]he convergence of OU records, Koch records, and OU-connected defendants in this single action demonstrates why an unconnected judge is essential." *Id*.

Nothing about these allegations demonstrate grounds for the undersigned's disqualification. Fundamentally, the undersigned's employment at the University of Oklahoma is long past. *See, e.g., Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995) (finding that no reasonable person would harbor doubts about judge's impartiality based on allegations that he formerly worked for and represented the defendant). Moreover, as stated, there is no indication that the University of Oklahoma is a party to the referenced litigation nor is the University of Oklahoma a party to this litigation.

The mere fact that the University of Oklahoma may have certain records of Mr. Moyer's medical condition during the time he was a football player there is too speculative and attenuated to serve as grounds for disqualification, even considering the undersigned's former employment at the University of Oklahoma. *Cf. Reinhardt v. Hopps*, 590 F. App'x 755, 758-59 (10th Cir. 2014) (finding district judge's disqualification unwarranted based on allegations of his previous employment by the University of Oklahoma as nothing in the record suggested bias against the plaintiff and further finding no grounds to disqualify based on fact that magistrate judge who conducted settlement conference was married to the Vice President for University Governance of the Board of Regents of the University of Oklahoma where claims against the University had been dismissed long before settlement

15

conference).[7]  Mr. Moyer has failed to demonstrate any grounds for disqualification under § 455(b)(1).

### 3.    Impartiality Based on Pending Lawsuit Alleged to be Brought Against the University of Oklahoma -- § 455(a) and § 455(b)(4)

As a further basis for recusal, Mr. Moyer cites § 455(a) and § 455(b)(4) and again references the "Houston NCAA concussion litigation," stating that the litigation is "against" the University of Oklahoma.  Mot. at 5.  As previously discussed, it does not appear the referenced litigation involves the University of Oklahoma.  Even if it did, the basis for Mr. Moyer seeking the undersigned's recusal is that the undersigned's spouse is "employed and paid" by the University.  Mot. at 5-6.  But as previously discussed, the Tenth Circuit has rejected challenges under § 455 based on similar and, indeed, more compelling spousal connections.  Therefore, any recusal on this basis is unsupported.

### 4.    Prior Voluntary Recusal

Finally, Mr. Moyer points to the fact of the undersigned's recusal in a case filed in this judicial district as a "judicial admission" that he should recuse.  But in that case, the Board of Regents of the University of Oklahoma was a party to the litigation.  Those circumstances do not exist here.

In sum, the Court finds Mr. Moyer has failed to establish any grounds upon which recusal is required under § 455.

---

[7] Although Mr. Moyer alleges that the undersigned's duties at the University of Oklahoma encompassed "institutional oversight of [Mr. Moyer's] medical records," *see* Mot. at 2, that description is unsupported and, in any event, inaccurate.

16

### D.     Requested Relief

As relief, Mr. Moyer asks the Court to vacate all orders entered "since the inception of this case." *Id*. at 11.  "[A] § 455 violation does not, on its own, authorize vacatur"; rather "the proper avenue for [a party] to request relief [is] through a Rule 60(b)(6) motion." *Obduskey*, 2023 WL 1831128 at * 8.  In the pending Motion, Mr. Moyer does not seek relief pursuant to Rule 60(b)(6) and, therefore, he is not entitled to vacatur.  In any event, the Court has found no grounds upon which disqualification under § 455 is warranted. Necessarily, therefore, Mr. Moyer is not entitled to vacatur of any prior orders of the Court.

## IV.     Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Judicial Notice of Disqualifying Conflict and Motion to Disqualify Pursuant to 28 U.S.C. §§ 455(a), 455(b)(1), and 455(b)(5)(iii) and for Vacatur of Orders Entered by a Disqualified Judge [Doc. No. 88] is DENIED.

IT IS SO ORDERED this 5th day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

17